EVERETT McKINLEY MOORE v. PAUL CROCKER.

(Filed 7 April, 1965.)

**Automobiles §§ 54f, 55.1—**

In the owner's action to recover for damages to his car inflicted in a collision occurring when the owner was absent, nonsuit on the ground that the negligence of the driver of plaintiff's car was a proximate cause of the damage is improper when there is evidence that the driver of plaintiff's car had borrowed it and was on a purely personal mission, since G.S. 20-71.1 merely takes the issue of agency to the jury, the burden of proof thereon remaining on defendant.

APPEAL by plaintiff from *McConnell, J.,* October 1964 Civil Session of DAVIDSON.

This civil action grows out of a collision that occurred December 19, 1962, about 7:30 p.m., on N.C. Highway No. 64 between a 1953 Chevrolet operated by Franklin Small and a 1958 Ford operated by defendant. Both vehicles were proceeding west toward Lexington. When the collision occurred, Small was attempting to turn left into a dirt road and defendant was attempting to overtake and pass the Chevrolet Small was operating.

Plaintiff, the absent owner of said Chevrolet, alleged the collision and the damage to his car were proximately caused by the negligence of defendant. Answering, defendant denied negligence and pleaded, conditionally, the contributory negligence of Small, while acting as agent for plaintiff, in bar of plaintiff's right to recover.

Evidence was offered by both plaintiff and defendant. At the conclusion of all the evidence, the court, on motion of defendant, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*Charles F. Lambeth, Jr., for plaintiff appellant.*
*Walser, Brinkley, Walser & McGirt for defendant appellee.*

PER CURIAM. There was plenary evidence that plaintiff was not present when the collision occurred; that Small had borrowed plaintiff's Chevrolet; and that, when the collision occurred, Small was using the car for his own personal purposes.

In our view, there was sufficient evidence to support findings that the collision and plaintiff's damage were proximately caused by the negligence of defendant and also by the negligence of Small. Whether the testimony of Small, plaintiff's witness, discloses as a matter of law that negligence on his part was a proximate cause need not be decided. Assuming Small's negligence was a proximate cause, unless defendant's allegations of agency are established, such negligence of Small is not a bar to plaintiff's right to recover. By reason of G.S. 20-71.1, the agency issue, the burden of proof being on defendant, was for determination by the jury under proper instructions. In this connection, see *Whiteside v. McCarson,* 250 N.C. 673, 110 S.E. 2d 295.

The judgment of nonsuit is reversed and the cause is remanded for trial on all issues raised by the pleadings.

Reversed.