HERBERT P. ALLEN v. JOHN SCHILLER, COLLECTOR OF THE ESTATE OF MILDRED EULENE MANUS, AND CHARLES DAVID FORMYDUVAL

No. 695DC237

(Filed 22 October 1969)

1. **Automobiles § 105— liability of nondriver owner — evidence of agency of driver — G.S. 20-71.1**

   G.S. 20-71.1 applies when the plaintiff, by appropriate allegations, seeks to hold an automobile owner liable under the doctrine of respondeat superior for the negligence of a nonowner operator.

2. **Automobiles § 105— liability of nondriver owner — agency of driver — G.S. 20-71.1**

   Under G.S. 20-71.1, proof of ownership and registration of a motor vehicle involved in a collision while being driven by a nonowner is prima facie evidence that at the time and place of the injury caused by it the motor vehicle was being operated with the authority, consent and knowledge, and under the control of a person for whose conduct the owner was legally responsible, and is sufficient to carry the case to the jury on the issue of agency.

3. **Negligence § 29— proof of negligence**

   Negligence need not be established by direct evidence but may be inferred from the attendant facts and circumstances.

4. **Automobiles §§ 44, 56— crossing center line and hitting parked vehicles — res ipsa loquitur — sufficiency of evidence**

   In this action for damages caused to plaintiff's parked automobiles when they were struck by another automobile, plaintiff's evidence *is held* sufficient to go to the jury on the issue of the driver's negligence under the doctrine of *res ipsa loquitur* where it tends to show that plaintiff's two automobiles were lawfully parked in front of his home, and that at approximately 5 a.m. the other automobile went across the center line from its path of travel and struck the front of one of plaintiff's automobiles, knocking it into plaintiff's other automobile.

**5. Automobiles § 66— proof of identity of driver**

The identity of the driver of a vehicle at the time of an accident need not be established by direct evidence, but may be established by circumstantial evidence or by a combination of direct and circumstantial evidence.

**6. Automobiles § 66— identity of driver — sufficiency of evidence**

Plaintiff's evidence *is held* sufficient to support the inference that defendant's intestate was the driver of an automobile which struck plaintiff's parked automobiles, where it tends to show that shortly after the collision defendant's intestate, bleeding from a deep cut on her forehead, was on plaintiff's front porch and then went into his living room, that the windshield of the automobile was cracked on the driver's side and on the steering wheel, and that there was a trail of blood from the automobile to plaintiff's front porch and from the front porch to the living room.

APPEAL by plaintiff from *Tillery, J.,* at the January 1969 Civil Session, District Court, NEW HANOVER Division of the General Court of Justice.

This is a civil action wherein the plaintiff seeks to recover property damages he sustained when his two parked automobiles were damaged in a collision with a 1966 Ford Mustang which plaintiff alleges was owned by the defendant Formyduval and was driven by the intestate of the defendant Schiller.

Plaintiff's evidence tended to show: On the evening of 15 December 1967, plaintiff's 1963 Pontiac and 1958 Chevrolet were lawfully parked facing north on the east side of the street in front of his house. The Pontiac was parked in front of the Chevrolet. At approximately 5 a.m. the next morning, plaintiff heard a collision in front of his house. He dressed quickly and went outside. The Mustang was across the center line from its path of travel, directly in front of the Pontiac, facing and touching it ("sitting almost in it"), and had sustained heavy front-end damage. The Pontiac was damaged both front and rear; it was jammed back against the Chevrolet which also sustained front-end damage. The Mustang's motor was running, the lights burning, and the radio playing. After turning off the motor and radio, plaintiff saw Eulene Manus, the decedent, on his front porch. They went into the house.

There were no eyewitnesses to the collision; there was no evidence that other persons were involved. The windshield was cracked on the driver's side only, and Eulene Manus was bleeding from her forehead. There was blood in the car on the driver's side and on the steering wheel; also a trail of blood from the car to the front porch and from the porch to the living room. Eulene Manus told the investigating officer that defendant Formyduval owned the car; certi-

fied copies of the certificate of title and registration card indicated that he was both the owner and the registrant. She died several days after the collision.

At the conclusion of plaintiff's evidence, defendants moved for judgment as of nonsuit. The motion was allowed as to both defendants and plaintiff appealed.

*Addison Hewlett, Jr., and Jerry L. Spivey for plaintiff appellant.*

*James, James & Crossley, by John F. Crossley for defendant appellees.*

PARKER, J.

**[1]** Plaintiff has joined as defendants the collector of the estate of the alleged driver and the owner of the Mustang, seeking to hold the owner liable for the negligence of a nonowner operator. G.S. 20-71.1 applies when, as in this case, the plaintiff, by appropriate allegation in the complaint, seeks to hold the owner liable under the doctrine of *respondeat superior. Howard v. Sasso*, 253 N.C. 185, 116 S.E. 2d 341, citing *Osborne v. Gilreath*, 241 N.C. 685, 86 S.E. 2d 462. That statute provides:

> "(a)  In all actions to recover damages for injury to the person or to property or for the death of a person, arising out of an accident or collision involving a motor vehicle, proof of ownership of such motor vehicle at the time of such accident or collision shall be prima facie evidence that said motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which said injury or cause of action arose.

> "(b)  Proof of the registration of a motor vehicle in the name of any person, firm, or corporation, shall for the purpose of any such action, be prima facie evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment."

In *Travis v. Duckworth*, 237 N.C. 471, 75 S.E. 2d 309, our Supreme Court first considered this statute and recognized the power of the General Assembly to declare that "proof of certain related preliminary facts shall be regarded as *prima facie* evidence of the ultimate fact at issue, and hence as affording sufficient basis for the consideration of the jury."

**[2]**  Plaintiff offered into evidence properly certified copies of a certificate of title and a registration card which indicated both ownership and registration of the Mustang lay in defendant Formyduval. Such evidence of ownership and registration of the motor vehicle involved in the collision must, by force of the statute, be regarded as prima facie evidence that at the time and place of the injury caused by it the motor vehicle was being operated with the authority, consent and knowledge, and under the control of a person for whose conduct the defendant Formyduval was legally responsible. *Travis v. Duckworth, supra.* By reason of this statute, the agency issue is for determination by the jury. *Moore v. Crocker,* 264 N.C. 233, 141 S.E. 2d 307.

**[3, 4]**  Defendant owner contends there was insufficient evidence of actionable negligence. Although no presumption of negligence arises from the mere fact there has been an accident and injury, *Jones v. Atkins Co.,* 259 N.C. 655, 131 S.E. 2d 371, if the evidence, construed in the light most favorable to the party with the burden of proof is sufficient to make out a prima facie case of actionable negligence, a motion for nonsuit should be denied and the issue submitted to the jury. *Maynor v. Townsend,* 2 N.C. App. 19, 162 S.E. 2d 677. "Direct evidence of negligence is not required; it may be inferred from the attendant facts and circumstances." *Greene v. Nichols,* 274 N.C. 18, 161 S.E. 2d 521; *Etheridge v. Etheridge,* 222 N.C. 616, 24 S.E. 2d 477. As in *Maynor v. Townsend, supra,* the facts in the case at bar are similar to the facts in *Greene v. Nichols, supra,* in which our Supreme Court in a comprehensive opinion by Sharp, J., after reviewing prior decisions in this jurisdiction and other authority, "applied the doctrine of *res ipsa loquitur,* which simply means that the nature of the occurrence itself furnishes circumstantial evidence of driver-negligence."

In *Greene v. Nichols, supra,* an automobile crossed the center line, left the two-lane highway on a curve, and collided head-on with a stationary object, a tree about five feet from the asphalt surface. The night was clear and the road was dry. There were no eyewitnesses, all the occupants of the automobile dying from head and body injuries sustained in the wreck. The plaintiff administrator introduced no evidence tending to show why the car deviated from its course and from a judgment as of nonsuit appealed to the Supreme Court. The Court held the circumstantial evidence sufficient to present a jury question with respect to the actionable negligence of the driver. Sharp, J., explaining the Court's reasoning:

"It is generally accepted that an automobile which has been

traveling on the highway, following 'the thread of the road,' does not suddenly leave it if the driver uses proper care. . . .

"The inference of driver-negligence from such a departure is not based on mere speculation or conjecture; it is based upon collective experience, which has shown it to be the 'more reasonable probability.'"

In the light of *Greene v. Nichols, supra,* and *Maynor v. Townsend, supra,* plaintiff was entitled to have a jury pass on his evidence.

[6]    Defendant Schiller contends there is insufficient evidence that Eulene Manus was the driver to take the action against her estate to the jury. It is well settled that in passing on a motion for judgment of involuntary nonsuit, plaintiff is entitled to have his evidence taken in the light most favorable to him and to the benefit of every reasonable inference to be drawn therefrom. *Rosser v. Smith,* 260 N.C. 647, 133 S.E. 2d 499.

[5]    Direct evidence as to who was driving the automobile at the time it was wrecked is not required. The identity of the driver may be established by circumstantial evidence or by a combination of direct and circumstantial evidence. *Maynor v. Townsend, supra; Greene v. Nichols, supra; King v. Bonardi,* 267 N.C. 221, 148 S.E. 2d 32. Circumstantial evidence alone is sufficient to establish this crucial fact. *Stegall v. Sledge,* 247 N.C. 718, 102 S.E. 2d 115. The ultimate inquiry is whether the circumstantial evidence is such as might "reasonably conduce to its conclusion as a fairly logical and legitimate deduction." Stansbury, N.C. Evidence 2d, § 210, p. 539.

[6]    Plaintiff's testimony included the following:

"When I heard the collision, I heard a door slam and when I got up, I heard somebody coming up on the porch. I went right on to the car. . . .

"The motor was running, lights burning, radio playing real loud, and I cut the radio off, cut the motor off and disremember whether I cut out the lights or not, and I looked back and she was standing outside by my door . . . and she walked in the house and there was a chair sitting there and she sat in the chair and I told my wife to call the law and call an ambulance."

The windshield was cracked on the driver's side only. Eulene Manus had a deep cut on her head, "gushing blood real bad." There was blood in the car, on the driver's side only, and on the steering wheel. The investigating officer testified there was a "trail of blood from the car to the front porch, from the porch to the living room." The officer asked Eulene Manus who owned the car. She told him. Neither

the officer nor the plaintiff asked her who was driving. It appears to us that the likelihood she was driving is no mere suspicion, conjecture, guess, possibility or chance; it is a legitimate deduction sufficient to merit determination by the jury.

The judgment as of nonsuit entered by the district court is

Reversed.

MALLARD, C.J., and BRITT, J., concur.