Johnson v. Gladden

WILLIAM C. JOHNSON, SR., Administrator of the Estate of WIL-
    LIAM C. JOHNSON, JR. v. BILLY T. GLADDEN, JR.

No. 7611SC876

(Filed 4 May 1977)

**Automobiles §§ 66.2, 66.3— auto accident — identity of driver — circum-
stantial evidence — physical facts at accident scene**

    Evidence in a wrongful death action tending to show that defend-
ant owned the automobile in question, that several hours earlier in the
evening he was seen operating the vehicle with plaintiff's intestate
riding as a passenger in the back seat, that the automobile was seen
in operation on Highway 421 as late as 11:45 p.m. and shortly there-
after was observed parked with its headlights burning on the shoul-
der of Highway 421 at its intersection with Cool Springs Church
Road with defendant under the steering wheel, and that within fif-
teen minutes thereafter the defendant's automobile had wrecked on
Cool Springs Church Road approximately five miles from where it
had been parked on the shoulder of the road, when considered to-
gether with the physical evidence at the accident's scene as to the
condition and the position of the automobile, debris, and bodies was
sufficient to permit the jury to find that defendant was operating
his automobile at the time of the accident, that he was doing so in a
negligent manner, and that such negligence was the proximate cause
of the death of plaintiff's intestate.

APPEAL by plaintiff from *Clark, Judge.* Judgment entered
26 May 1976 in Superior Court, LEE County. Heard in the Court
of Appeals 14 April 1977.

This is a civil action wherein the plaintiff, William C. John-
son, Sr., Administrator of the Estate of William C. Johnson, Jr.,
seeks to recover damages from the defendant Billy T. Gladden,
Jr., for the alleged wrongful death of his intestate. Plaintiff
alleged that Billy Johnson had been a passenger in an automobile
which was owned by defendant Gladden and which was operated
by defendant Gladden in a negligent manner causing the auto-
mobile to overturn and resulting in his son's death. Defendant
answered and denied all material allegations, including the
allegation that he was driving the car at the time of the accident.

At the close of plaintiff's evidence the defendant moved for
a directed verdict on the grounds that plaintiff had introduced
insufficient evidence "to establish that the defendant Gladden
was the operator of the vehicle in which the plaintiff's intestate
was allegedly a guest passenger . . . . " The court granted de-

fendant's motion "upon the grounds set forth in such motion . . . . "

Plaintiff appealed.

*J. Douglas Moretz for plaintiff appellant.*

*Horton, Singer, Michaels & Hinton by Paul J. Michaels for defendant appellee.*

HEDRICK, Judge.

The one question presented on this appeal is whether the trial court erred in directing a verdict for the defendant. The evidence at trial tends to show the following:

Gary Norris, saw his friends, Johnson, age sixteen, defendant, age nineteen, and Richard Neal, in Siler City at 9:30 p.m. on 13 March 1970 in defendant's green Dodge Charger. At that time defendant was driving, Neal was in the right front seat, and Johnson was in the back seat. Norris saw the car several other times during the evening, the last time being at 11:30 when it was headed out of Siler City south on Highway 421.

Ray Cotten was driving north on Highway 421 just south of Siler City around 11:30 or 11:45 p.m. of 13 March when he met defendant's Charger going south on Highway 421. Cotten turned around, proceeded back south on Highway 421, and came upon defendant's car with its headlights on sitting on the right shoulder of Highway 421 where it intersects with Cool Springs Church Road. As he passed, Cotten saw three people in the car with defendant in the driver's seat. Cotten then drove to the parking lot of the Fairview Dairy Bar. Fifteen minutes after he had seen defendant behind the wheel of his car parked beside the highway, he heard the ambulance go out. He followed the ambulance out Cool Springs Church Road to a field in which defendant's car had overturned some five miles from where he had seen the car parked beside the road.

At about midnight on 13 March, Willie K. Starling, who lives on Cool Springs Church Road, "saw a car coming around the curve. It left the shoulder of the road and was kicking up gravel. About 4 to 5 car lengths from the house it changed ends and Starling thought at the time that it was going to come into the house. He saw it first as it came around the second

Johnson v. Gladden

curve, the real sharp one, and was attracted by its loud mufflers. When it came to the other curve, it left the shoulder and was coming sideways. It changed ends, and the headlights were pointed the opposite direction as at first, it then going backwards. It then impacted the dirt bank across from the Starling house and the headlights swung sharply up into the air and went out. Then all that was heard was just a bump, bump, bump much like a steel drum hitting the ground. Mr. Starling felt that the car was traveling from 80 to 90 m.p.h. at the time he observed it. . . . Starling turned on his porch light and saw Billy Gladden, the defendant, lying beside the road, but he was unable to see the car; so he turned on his truck headlights and swung them around until he spotted the car lying on its top up in the field near the church. The car was laying on its top. The Neal boy was under the front bumper of the car and Billy Johnson had been thrown way up in the wheat field, about half the length of the courtroom from the car. . . . Billy Gladden was lying right close to where the car hit the ditch bank. The car left the print of the gas tank and the bumper on it where it impacted and Gladden was laying to the right of these impressions as they are faced."

Trooper Bobby Price was called to the scene of the accident on Cool Springs Church Road. He testified that the automobile was lying upside down headed away from the road, that the vehicle had been damaged extensively, that the front and back windshields were broken but intact, that the door windows were out, that the driver's door was open and the passenger's door closed, that the driver's seat had been bent backwards and to the left, that there were 776 feet of marks on the road leading up to the point of impact with the ditch bank, that the car came to rest in the field 395 feet beyond the ditch bank, and that there were marks and debris in the field between the ditch bank and car. The trooper did not remember whether the passenger door would open.

The parties stipulated that plaintiff's intestate died on 17 March 1970 as a result of injuries sustained in the automobile accident.

This appeal presents the question of whether the evidence is sufficient to raise an inference that the defendant was operating his automobile at the time of the accident.

Johnson v. Gladden

"Circumstantial evidence is not only a recognized and accepted instrumentality in ascertainment of truth, but it is essential, and, when properly understood and applied, highly satisfactory in matters of gravest moment." *State v. Brackville,* 106 N.C. 701, 710, 11 S.E. 284 (1890). Circumstantial evidence alone may be sufficient to prove that a particular person was operating an automobile at the time of an accident. *Greene v. Nichols,* 274 N.C. 18, 161 S.E. 2d 521 (1968) ; *Pridgen v. Uzzell,* 254 N.C. 292, 118 S.E. 2d 755 (1961) ; *Stegall v. Sledge,* 247 N.C. 718, 102 S.E. 2d 115 (1958).

In this case, evidence tending to show that the defendant owned the automobile; that several hours earlier in the evening he was seen operating the vehicle with plaintiff's intestate riding as a passenger in the back seat; that the automobile was seen in operation on Highway 421 as late at 11:45 p.m. and shortly thereafter was observed parked with its headlights burning on the shoulder of Highway 421 at its intersection with Cool Springs Church Road with defendant under the steering wheel; and that within fifteen minutes thereafter the defendant's automobile had wrecked on Cool Springs Church Road approximately five miles from where it had been parked on the shoulder of the road, when considered together with the physical evidence at the accident's scene as to the condition and the position of the automobile, debris, and bodies is sufficient, to permit the jury to find that the defendant was operating his automobile at the time of the accident giving rise to this cause. *Pridgen v. Uzzell, supra; Stegall v. Sledge, supra; Bridges v. Graham,* 246 N.C. 371, 98 S.E. 2d 492 (1957).

Furthermore, the evidence is sufficient to permit the jury to find that the defendant was operating his automobile in a negligent manner at the time of the accident, and that defendant's negligence was the proximate cause of the death of plaintiff's intestate.

For the reasons stated the judgment directing a verdict for the defendant is

Reversed.

Judges MORRIS and ARNOLD concur.