IRIS BAREFOOT DAVIS, Administratrix of the Estate of JOHN
    ALLEN DAVIS v. REBECCA W. PEACOCK, Administratrix of the
    Estate of JERRY CLARENCE PEACOCK

### No. 704SC484

(Filed 30 December 1970)

**Automobiles § 66— identity of driver — sufficiency of evidence**

Evidence that the administratrix' intestate owned the automobile
involved in the accident, that one of the intestate's shoes was wedged
under the gas pedal and brake of the automobile, and that the right
trouser leg from a pair of pants belonging to another person was torn
off and hanging on the door of the passenger's side of the front seat,
*held* sufficient to support a jury finding that the intestate was the
operator of the vehicle at the time of the accident.

APPEAL by plaintiff from *Godwin, Special Superior Court
Judge,* March 1970 Session of Superior Court held in ONSLOW
County.

Plaintiff, Iris Barefoot Davis, Administratrix of the Estate
of John Allen Davis, seeks to recover damages from the defend-
ant, Rebecca W. Peacock, Administratrix of the Estate of Jerry
Clarence Peacock, for the alleged wrongful death of her intes-
tate, John Allen Davis (Davis).

Plaintiff alleged in her complaint that the death of her
intestate was proximately caused by the actionable negligence
of defendant's intestate, Jerry Clarence Peacock (Peacock), in
the operation of Peacock's 1966 Mercury automobile on 7 March
1967.

Defendant denied that her intestate was operating the auto-
mobile and denied all of the material allegations of the com-
plaint.

The parties stipulated that on 7 March 1967 Peacock was the
owner of the 1966 Mercury automobile (Mercury) described in
the pleadings; that Davis "died as a proximate result of injuries
sustained by him in the wreck of the 1966 model Mercury auto-
mobile owned by the defendant intestate"; that "defendant may
at her option amend her Answer to plead an alternate defense
of contributory negligence" (the defendant did not exercise this
option) ; and that photographs marked D-1, D-2, P-2, P-3, P-4
and P-5 could be received in evidence without further identifica-
tion for the purpose of illustrating the testimony of witnesses.

The parties agreed to the constitution of "the case on appeal to the North Carolina Court of Appeals." In this record there appears what is denominated "Statement of Case" in which it is asserted that "[p]laintiff's intestate and defendant's intestate were both killed in the accident."

At the close of the plaintiff's evidence, the defendant made a motion for a "directed verdict" which was allowed. The judgment was as follows:

"THIS ACTION came on for trial before a Court and a jury, the Honorable A. Pilston Godwin, Jr., Judge Presiding, and on motion of the defendant for a directed verdict pursuant to Rule 50(a) of The Rules of Civil Procedure, made after Plaintiff had rested her case, the Court directed a verdict for Defendant;

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff take nothing; that the action be dismissed on the merits; and that the Defendant recover of the Plaintiff her costs in this action."

The plaintiff appealed to the Court of Appeals.

*Joseph C. Olschner, and Bailey & Robinson by Edward C. Bailey for plaintiff appellant.*

*Warlick & Milsted by Alex Warlick, Jr., for defendant appellee.*

MALLARD, Chief Judge.

The actual motion for a directed verdict is not contained in the record, and the judgment allowing this motion does not state upon what grounds it was made or allowed. The plaintiff makes no contention that the motion did not state the specific grounds therefor as required by statute; therefore, we assume that the motion complied with Rule 50 of the Rules of Civil Procedure. From the briefs of both parties, we also assume that the motion was made on the grounds that on the facts and the law, the plaintiff failed to show a right to relief. Litigants would be well advised to include in the record the specific grounds stated in the motion for a directed verdict. A failure to do so could result in a dismissal of the appeal.

The evidence and stipulations tended to show that Peacock and Davis both died on 7 March 1967 between 3:30 and 4:00

a.m. as a result of the wreck of the 1966 Mercury automobile owned by Peacock. Peacock and Davis left Davis' home on the night of 6 March 1967 at about 7:30 p.m. in the 1966 Mercury to go to a fish stew at Richlands. Between 3:30 and 4:00 a.m. on the morning of 7 March 1967, the driver of Peacock's Mercury, while traveling North on U. S. Highway #17, was driving at a speed in excess of sixty miles per hour at a point about two miles South of Holly Ridge. The automobile went out of control and while skidding for about two hundred feet, turned over two or three times before coming to rest on its top at a point about twenty to twenty-five feet from the west edge of the highway. Peacock and Davis were thrown out of the automobile and were found on the ground about twenty to thirty feet from the automobile and about the same distance from each other. There was no direct testimony as to who was driving. The right trouser leg of Davis was hanging from the right front passenger door of the automobile. Some four hours after the accident and after the automobile had been turned over and pulled by a wrecker vehicle to Jacksonville, a shoe, identified as Peacock's shoe, was found to be "wedged up under the gas peddle and the brake; it looked like it was mashed down on it." There was also evidence that Peacock customarily wore his shoes with the laces untied. There was ample circumstantial evidence as to the actionable negligence of the driver of the 1966 Mercury at the time of the accident to require submission of the case to the jury. Also, there was evidence tending to show that plaintiff's intestate was earning money in excess of that required for his support. *Greene v. Nichols,* 274 N.C. 18, 161 S.E. 2d 521 (1968) ; G.S. 28-174.

The question on which decision turns in this case is whether the evidentiary facts that Peacock owned the vehicle involved, that one of his shoes was wedged under the gas pedal and brake, and that Davis' right trouser leg was torn off and hanging on the door on the passenger's side of the front seat are sufficient to permit the jury to find that Peacock was the operator of the automobile at the time of the accident.

In *Parker v. Wilson,* 247 N.C. 47, 100 S.E. 2d 258 (1957), it was held that the ownership of an automobile by an occupant thereof at the time of a wreck does not raise a presumption that the owner was the driver. In 1 Strong, N. C. Index 2d, Automobiles, § 66, the rule is stated as follows:

"The identity of the driver of a vehicle may be established by circumstantial evidence, either alone or in combination with direct evidence. However, the facts and circumstances must establish identity as a logical and reasonable inference and not merely raise a conjecture, guess, or choice of possibilities."

See also *Greene v. Nichols, supra,* and *Crisp v. Medlin,* 264 N.C. 314, 141 S.E. 2d 609 (1965).

Plaintiff has other assignments of error which we do not discuss since they may not recur on a new trial.

The ownership of the automobile by Peacock, the location of Peacock's shoe wedged under the gas pedal and the brake, and the location of the right trouser leg of Davis on the right front passenger door of the automobile all point in the same direction and are sufficient to permit the jury to find as a logical and reasonable inference from these established facts that Peacock was the operator of the automobile at the time of the accident. The judgment of the superior court allowing the motion for a directed verdict and dismissing the action is reversed.

Reversed.

Judges PARKER and GRAHAM concur.