State v. Ellers

───────────────

STATE OF NORTH CAROLINA v. JOSEPH DALE ELLERS

No. 815SC925

(Filed 6 April 1982)

1. **Criminal Law § 90.1— showing facts to be other than as testified by witness**
     Where the prosecuting witness testified that he purchased a marijuana cigarette from defendant on the Thursday after Halloween, the State was not precluded from showing, through the testimony of other witnesses, that the purchase was actually made on the Thursday before Halloween.

2. **Indictment and Warrant § 17.2; Narcotics § 2— sale of marijuana—variance in date not fatal**
     There was no fatal variance between an indictment charging the sale of marijuana on 30 October and testimony by the prosecuting witness that the sale occurred on 5 November where the testimony of other witnesses tended to show that the sale occurred on 30 October; time was not of the essence in

the offense charged and no statute of limitations was involved; and defendant presented alibi evidence as to the October date.

**3. Narcotics § 4.5 — instructions on sale of marijuana**

The trial court's instructions, when considered in their entirety, placed the burden of proof on the State to prove beyond a reasonable doubt that defendant sold the controlled substance marijuana. G.S. 90-87(7).

**4. Narcotics § 5 — sale of marijuana to person under 16 years old — increased punishment provisions inapplicable**

A defendant over 18 years of age who was convicted of "selling" marijuana to a minor under 16 years of age was not subject to the increased punishment of G.S. 90-95(e)(5) since that statute applies only to a person convicted of "delivering" a controlled substance to a person 16 years of age or under.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 2 April 1981 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 9 February 1982.

Defendant was indicted for selling and delivering marijuana to Billy C. Haskins, aged 12 years, on 30 October 1980, defendant being over the age of 18 years at the time, in violation of G.S. 90-95(a)(1) and (e)(5). The jury returned a verdict of guilty of selling marijuana to a minor under 16 years of age, and defendant was sentenced for a minimum term of 17 years and a maximum term of 20 years imprisonment. Defendant appeals.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*Auley M. Crouch, III, for defendant-appellant.*

WELLS, Judge.

Billy Haskins, aged 12, testified at trial that he first purchased a marijuana cigarette from defendant on the morning of 30 October 1980. Defendant was sitting in a van across the street from the school bus stop at the time. Haskins put the cigarette in his pocket and went to school. The next day he flushed it down the toilet because it had gotten crumpled up in his pocket. On the following Thursday, possibly the 5th of November, Haskins purchased two more marijuana cigarettes from defendant at the same bus stop. He smoked part of one, did not like it, and flushed the other down the toilet. The next day he gave the partially smoked cigarette to a friend, Bryan Godwin, at school.

Following Haskins' testimony, defendant filed a motion *in limine* to suppress the testimony of other State's witnesses which might tend to impeach Haskins as to the date of his alleged purchase of the marijuana cigarette. Defendant's motion was denied. Thereafter Bryan Godwin testified that he received a partially smoked marijuana cigarette from Haskins on Friday, 31 October. David Taylor testified that he was with Haskins on 30 October when Haskins purchased a marijuana cigarette from defendant at the bus stop. Clifton Long, the principal of the school attended by Haskins and Godwin, testified that at school on 31 October 1980, he took a large, partially smoked marijuana cigarette from Bryan Godwin and subsequently turned it over to the police, who determined that it contained marijuana.

At the close of the State's evidence, defendant renewed his motion *in limine*, which was again denied. Defendant then presented evidence tending to show that he was not at the bus stop on 30 October, did not purchase or possess the van described by Haskins until 2 November, and never sold Haskins any marijuana.

[1] Defendant's first assignment of error is to the denial of his motion *in limine*. He contends that the testimony of Godwin, Taylor, Long, and Officers Benjamin and Norvell directly contradicted Haskins' testimony regarding the date of the alleged sale of the marijuana cigarette, and that the evidence should have been excluded under the rule that a party may not impeach its own witness in a criminal case, and evidence which is new or contradictory is not admissible for purposes of corroboration unless there is only a slight discrepancy in minor details between testimony of the prosecuting witness and testimony offered in corroboration. *State v. Moore*, 300 N.C. 694, 268 S.E. 2d 196 (1980); *State v. Tinsley*, 283 N.C. 564, 196 S.E. 2d 746 (1973).

The rule that a party may not impeach its own witness does not preclude a defendant or the State from showing a different state of facts on a point through the testimony of other witnesses. "A party may prove that the fact is not as it is stated to be by one of his witnesses; for that is merely shewing (sic) a mistake, to which the best of men are liable." *State v. Tilley*, 239 N.C. 245, 252, 79 S.E. 2d 473, 478 (1953). Haskins testified that he purchased the marijuana cigarette from defendant on the Thursday after

---

---

Halloween. The State was not precluded from showing, through the testimony of other witnesses, that the purchase was actually made on the Thursday before Halloween. *Tilley,* supra. This assignment of error is overruled.

[2] Defendant's second assignment of error is premised on his first. He argues that because the testimony of Billy Haskins was the only competent and admissible evidence for the State, and because that testimony tended to show that the sale took place on 5 November, rather than 30 October 1980 as stated in the indictment, there was a material and fatal variance between the indictment and the evidence which deprived defendant of an opportunity to adequately present his defense. We do not find that the variance between the date of the sale alleged in the indictment and the proof is of such magnitude as to require reversal of defendant's conviction. G.S. 15-155; G.S. 15A-924(a)(4). Time was not of the essence in the offense charged, and no statute of limitations was involved. *See State v. Currie,* 47 N.C. App. 446, 267 S.E. 2d 390 (1980); *cert. denied,* 301 N.C. 237, 283 S.E. 2d 134 (1980). After the State presented its entire case, defendant presented alibi evidence as to 31 October, and denied ever selling marijuana to Haskins. Defendant was neither prejudiced nor deprived of his right to present a defense, *see State v. Oden,* 44 N.C. App. 61, 259 S.E. 2d 795 (1979), *ap. dismissed,* 299 N.C. 333, 265 S.E. 2d 401 (1980); *State v. Locklear,* 33 N.C. App. 647, 236 S.E. 2d 376 (1977), *disc. rev. denied,* 293 N.C. 363, 237 S.E. 2d 851 (1977), and this assignment is overruled.

Defendant next assigns error to the trial court's instructions to the jury. Defendant first contends that the court erroneously failed to point out the discrepancy between the State's evidence and the indictment with regard to the date of the alleged offense. Defendant failed to call this alleged misstatement of the evidence to the court's attention before the jury retired, however, and thus waived his right to assert this as grounds for a new trial. *See State v. Hammonds,* 301 N.C. 713, 272 S.E. 2d 856 (1981); App. R. 10(b).

[3] Defendant also contends that the court failed to charge on the element of delivery as it was required to do in view of defendant's indictment for the sale *and* delivery of marijuana. The trial court charged the jury that to find defendant guilty the State

must prove beyond a reasonable doubt that defendant knowingly sold marijuana, a controlled substance, to Billy Haskins, that defendant had reached his 18th birthday at the time and that Haskins had not reached his 16th birthday. The court further charged that, "[t]he transfer of a cigarette of marijuana for the receipt of one dollar would be a sale of a controlled substance." These instructions, when considered in their entirety, *State v. Alston*, 294 N.C. 577, 243 S.E. 2d 354 (1978) placed the burden of proof on the State to prove beyond a reasonable doubt that defendant sold a controlled substance. G.S. 90-87(7); *State v. Dietz*, 289 N.C. 488, 223 S.E. 2d 357 (1976). This assignment of error is overruled.

[4]  Defendant's final assignment of error concerns his sentence. Defendant was sentenced to 17 to 20 years imprisonment pursuant to G.S. 90-95(e)(5). That statute provides that the punishment for a violation of G.S. 90-95(a)(1), which is normally a maximum of 10 years in prison or a fine of $10,000 or both, may be increased to a minimum of five years and a maximum of 30 years imprisonment if the person who violates G.S. 90-95(a)(1) is 18 years of age or over and does so by *delivering* a controlled substance to a person 16 years of age or under. The statute makes no provision for increased punishment for one over 18 years of age who is convicted of *selling* marijuana to a minor under 16 years of age, as defendant was. Sale and delivery of controlled substances are two separate, distinct offenses. G.S. 90-95(a)(1); *State v. Dietz*, supra. Defendant in this case was charged with both offenses. *Dietz*, supra. He was convicted only of selling marijuana. The omission of the offense of *sale* of a controlled substance from the provisions of G.S. 90-95(e)(5) is unaccountable. Criminal statutes must be strictly construed, however, *State v. Lucas*, 302 N.C. 342, 275 S.E. 2d 433 (1981) and therefore, while the result here is regrettable, the judgment must be vacated and the case remanded for resentencing.

No error in the trial;

Vacated and remanded for resentencing.

Judges MARTIN (Robert M.) and WEBB concur.