RONALD D. LEE, PAMELA L. LEE, WOODROW W. WEAVER, TOMMIE L. WEAVER, STEPHEN E. COOKE, WILMA F. COOKE, ROBERT PLACER AND CLAIRE PLACER v. HARVEY L. KECK, INDIVIDUALLY, AND WIFE, PATRICIA T. KECK, CORA G. KECK AND HARVEY L. KECK, EXECUTOR OF THE ESTATE OF KELLY H. KECK

No. 8315SC281

(Filed 15 May 1984)

1. **Evidence § 11.8— waiver of right to rely on dead man's statute**

   Service by defendants of interrogatories concerning transactions or communications with the deceased, which elicited without objection otherwise incompetent evidence, constituted a waiver by defendant of the protection of G.S. 8-51 in an action for fraud and unfair trade practices.

2. **Rules of Civil Procedure § 33— denial of protective order—failure of defendant to show actual potential prejudice**

   Defendant failed to meet his burden of showing some actual potential prejudice in the denial of defendants' motion for a protective order after being

Lee v. Keck

served with interrogatories "until such time as it is determined the issues of punitive damages is for the jury," on the grounds that the answers might tend to be incriminatory.

3. **Fraud § 9.1— defendant-wives liable as principals for fraud perpetrated by their agent**

    The evidence was sufficient to deny defendant-wives' motion for summary judgment where plaintiffs proceeded on the theory that the wives were liable as principals for fraud perpetrated by Harvey Keck as their agent and where defendant-wives admitted in their answers to plaintiffs' interrogatories that Harvey Keck acted as their agent; where the complaint alleged that Harvey Keck acted as agent for his wife, Patricia Keck, and that the deeds for all the lots purchased by plaintiffs were signed by Harvey Keck and Patricia Keck; where in her motion for summary judgment, Patricia Keck did not deny that she had received and retained benefits from the sale of entireties property; and where the complaint contained ample allegations of misrepresentations by Harvey Keck.

4. **Frauds, Statute of § 6— statute of frauds not applying to action to recover difference between actual value and value as represented of real property**

    There was no error in the denial of defendants' motion to amend their answer to add the statute of frauds as a defense since the statute of frauds is no bar to an action to recover the difference between the actual value of real property and the value as represented, based on fraudulent misrepresentations in the sale of property.

5. **Limitation of Actions § 8.3— statute of limitations for fraud or mistake**

    The three-year statute of limitations for fraud or mistake does not commence to run "until the discovery by the aggrieved party of the facts constituting the fraud or mistake," G.S. 1-52(9), or until the facts should have been discovered in the exercise of due care. Therefore, in an action for fraud, the trial court did not err in failing to allow defendants to amend their complaint to allege the statute of limitations as a defense where the complaint reveals that representations were made to the plaintiffs until 1979 and their complaint was filed in 1980.

6. **Fraud § 12; Unfair Competition § 1— sufficiency of evidence**

    The trial court properly denied defendants' motion for directed verdict at the close of all the evidence in an action for fraud and unfair trade practices where there was evidence that Harvey Keck knowingly made false statements to each plaintiff concerning the paving of a road in their development—that is, his conversations with the State regarding pavement, that the representations were made in the course of negotiations, and that plaintiffs were thereby induced to purchase to their damage.

7. **Executors and Administrators § 21— failure to put notice to creditors in record—failure to prove lack of notice to estate of tort claim defense**

    Defendants failed to show that they had a complete defense to the claims against Harvey Keck as the executor of the estate of Kelly Keck based on G.S.

28A-19-3(a) where there was no notice to creditors in the record, and defendants did not mention anywhere when, if ever, one was published.

**8. Appeal and Error § 31.1— failure to object to charge—waiver of errors**

Failure to make a contemporaneous objection to portions of the jury charge constituted a waiver of the right to challenge the instructions on appeal. App. R. 10(b)(2).

APPEAL by defendants from *McLelland, Judge.* Judgment entered 30 July 1982 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 9 February 1984.

*David I. Smith, for defendant appellants.*

*James F. Walker and H. Clay Hemric, Jr., for plaintiff appellees.*

BECTON, Judge.

Plaintiff homeowners purchased lots in a subdivision developed by defendants. The road into the development, Keck Drive, was unpaved when the lots were sold. After several years of increasing tension with defendants over the paving of the road, plaintiffs filed this action. The Complaint alleged that plaintiffs relied on representations by Harvey Keck, both individually and as agent for Kelly Keck, his father (since deceased), and their respective wives, Patricia Keck and Cora Keck, that Keck Drive would be paved. These representations allegedly induced plaintiffs to purchase their lots. The Complaint sought punitive damages for fraud, treble damages for unfair trade practices, and specific performance of an alleged oral agreement to pave the road. Defendants denied any wrongdoing and counterclaimed for libel and resulting physical and mental suffering. The Counterclaim was later summarily disposed of, and plaintiffs took a voluntary dismissal of their claim for specific performance.

At trial, plaintiffs presented evidence that at the time the lots were sold, Harvey Keck had represented to each couple that he was working with the State to get Keck Drive paved. Evidence was also presented that Kelly Keck had been the payee of various checks written by plaintiffs for the purchase of land, that Harvey Keck took the checks and delivered receipts signed by Kelly Keck, and that Kelly Keck had made similar representations regarding the paving of Keck Drive. The land sold was

owned by the entireties with the wives, Patricia Keck and Cora Keck. Both wives testified that Harvey Keck arranged the sales and that they received part of the proceeds. Plaintiffs also presented the county tax supervisor, who described the procedure for getting roads paved and the land ownership along Keck Drive, which effectively gave defendants veto power on any petition for paving. A real estate appraiser testified as to the diminution in value of plaintiffs' land as a result of the lack of paving; plaintiffs themselves introduced other evidence of damages. Plaintiffs also testified that a neighborhood petition to get Keck Drive paved had been torn up by Harvey Keck.

Defendants offered the testimony of Harvey Keck, who denied any promises or other representations concerning the paving of Keck Drive. Several other property owners in the development testified that defendants had made no representations to them concerning paving the road.

The jury found that Harvey Keck had perpetrated fraud in connection with the sale of land to each plaintiff, and that he committed unfair and deceptive trade practices in each instance, all the while acting as agent for Kelly, Cora and Patricia Keck. From judgment on this verdict, defendants appeal.

I

[1] One of the plaintiffs testified that the deceased, Kelly Keck, told him that he left it to his son, Harvey Keck, to handle the proceedings concerning Keck Drive. Defendants objected that the evidence should have been excluded under N.C. Gen. Stat. § 8-51 (1981), the dead man's statute. However, defendants had, during the course of discovery, served interrogatories on each plaintiff asking what promises or statements Kelly Keck made to them concerning paving Keck Drive. Plaintiffs responded substantially in accord with the testimony defendants now find objectionable. We have recently held, in an identical situation, that service by defendants of interrogatories concerning transactions or communications with the deceased, which elicit without objection the otherwise incompetent evidence, constitutes a waiver by defendants of the protection of G.S. § 8-51. *Wilkie v. Wilkie*, 58 N.C. App. 624, 294 S.E. 2d 230, *disc. rev. denied*, 306 N.C. 752, 295 S.E. 2d 764 (1982); *see also Hayes v. Ricard*, 244 N.C. 313, 93 S.E. 2d

540 (1956). *Wilkie* clearly controls, and this assignment must accordingly be overruled.

## II

[2]   Plaintiffs served certain interrogatories on defendants. Since the Complaint prayed for punitive damages, defendants moved for a protective order "until such time as it is determined the issue of punitive damages is for the jury," and further sought a protective order on the grounds that the answers might tend to be incriminatory. Defendants assign error to the denial of this motion.

Although some earlier cases have apparently held that defendants may properly refuse to answer questions which may subject them to a civil penalty, it is clear even under those cases that the initial burden is on the defendant to show some actual potential prejudice; the matter may not rest with the *ipse dixit* of the defendants. *Allred v. Graves*, 261 N.C. 31, 134 S.E. 2d 186 (1964). The cases under our new Rules of Civil Procedure indicate that defendant must at least "assist the court by pushing the door even a tiny bit ajar so as to disclose some rational grounds for believing that a real danger of self-incrimination" exists. *Johnson County Nat'l Bank and Trust Co. v. Grainger*, 42 N.C. App. 337, 342, 256 S.E. 2d 500, 503, *disc. rev. denied*, 298 N.C. 304, 259 S.E. 2d 300 (1979). This is certainly true for potentially incriminatory answers. *Id.* Assuming that defendants could properly object to what appear to this Court to be innocuous questions, they have failed to provide any justification other than some vague "belief" to support such an objection. This assignment of error is therefore without merit.

## III

[3]   The court denied the pretrial motion of defendants Cora Keck and Patricia Keck for summary judgment on the claims against them. These defendants contend that no actual representations or other acts of fraud were committed by them.

On motion for summary judgment, the movant has the burden of showing that there is no issue of triable fact. *Sharpe v. Quality Education, Inc.*, 59 N.C. App. 304, 296 S.E. 2d 661 (1982). The facts asserted by the answering party must be accepted as true. *Norfolk and Western Ry. Co. v. Werner Industries, Inc.*, 286 N.C. 89, 209 S.E. 2d 734 (1974). The movant's burden in an action

for fraud is especially heavy, since state of mind is usually at issue. *Johnson v. Phoenix Mutual Life Ins. Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980).

Plaintiffs proceeded on the theory that the wives were liable as principals for fraud perpetrated by Harvey Keck as their agent.

> The general rule is that a principal is responsible to third parties for injuries resulting from the fraud of his agent committed during the existence of the agency and within the scope of the agent's actual or apparent authority from the principal, even though the principal did not know or authorize the commission of the fraudulent acts.

*Vickery v. Olin Hill Construction Co.*, 47 N.C. App. 98, 102, 266 S.E. 2d 711, 714, *disc. rev. denied*, 301 N.C. 106, --- S.E. 2d --- (1980) (quoting *Norburn v. Mackie*, 262 N.C. 16, 23, 136 S.E. 2d 279, 284-85 (1964)). A husband is not his wife's agent simply because of the marital relationship; but only "slight evidence" of agency suffices to charge her as a principal, when "she received, retains, and enjoys the benefits of a contract." *Norburn v. Mackie*, 262 N.C. at 23, 136 S.E. 2d at 284; *Passmore v. Woodard*, 37 N.C. App. 535, 246 S.E. 2d 795 (1978) (retention of benefits from a contract sufficient).

Defendants admitted in their answers to plaintiffs' interrogatories that Harvey Keck acted as Cora Keck's and Kelly Keck's agent. The Complaint further alleged that he acted as agent for his wife, Patricia Keck, and that the deeds for all the lots purchased by plaintiffs were signed by Harvey Keck and Patricia Keck. In her motion for summary judgment, Patricia Keck did not deny that she had received and retained benefits from these sales of entireties property. The Complaint contained ample allegations of misrepresentations by Harvey Keck. Movants' forecast of evidence does not establish plaintiffs' lack of a right to relief as a matter of law. Accordingly, the trial court properly denied these motions for summary judgment. Moreover, the admissions of both femme defendants at trial that they did in fact receive and retain proceeds of the subject sales substantiate the trial court's ruling.

IV

Defendants next contend, relying on the liberal provisions of N.C. Gen. Stat. § 1A-1, Rule 15(a) (1983), that the trial court's denial of their motions to amend constituted reversible error. Approximately eighteen months after the Complaint was filed, the trial court denied defendants' motions to add the defenses of the Statute of Frauds and the statute of limitations.

**[4]** Rulings on motions to amend after the expiration of the statutory period are within the discretion of the trial court; that discretion is clearly not abused when granting the motion would be a futile gesture. *Smith v. McRary,* 306 N.C. 664, 295 S.E. 2d 444 (1982). Therefore, the trial court did not abuse its discretion in denying leave to amend to add the Statute of Frauds defense, since the Statute of Frauds is no bar to an action to recover the difference between the actual value of real property and the value as represented, based on fraudulent misrepresentations in the sale of the property. *Kent v. Humphries,* 303 N.C. 675, 281 S.E. 2d 43 (1981) (statute bars only enforcement of the invalid contract); *Horne v. Cloninger,* 256 N.C. 102, 123 S.E. 2d 112 (1961) (rights of parties to a fraudulent transaction); *see generally* Annot., 13 A.L.R. 3d 875, 936 (1967). Even if the plaintiffs had pursued their claim for specific performance of the alleged oral contract to pave the road, the statute would have been no defense. *Overstreet v. Brookland, Inc.,* 52 N.C. App. 444, 279 S.E. 2d 1 (1981).

**[5]** Defendants also moved for leave to add a statute of limitations defense to their Answer to the Placers' claim, arguing that since the Placers purchased in 1976, their right of action had expired by 1980, when the Complaint was filed. The three-year statute of limitations for fraud or mistake does not commence to run, however, "until the discovery by the aggrieved party of the facts constituting the fraud or mistake," N.C. Gen. Stat. § 1-52(9) (1983), or until the facts should have been discovered in the exercise of due care. *Feibus & Co. v. Godley Constr. Co.,* 301 N.C. 294, 271 S.E. 2d 385 (1980), *reh'g denied,* 301 N.C. 727, 274 S.E. 2d 228 (1981). The Complaint and various discovery papers reveal that representations were made to the Placers until 1979, and no evidence in the record, aside from defendants' general denials, suggests anything different. On this record, we hold that the trial

court did not abuse its discretion in denying defendants' motions. Assuming, *arguendo*, that it did, defendants have failed to show that a different result would have been reached had the motions been granted. N.C. Gen. Stat. § 1A-1, Rule 61 (1983); *Responsible Citizens v. City of Asheville*, 308 N.C. 255, 302 S.E. 2d 204 (1983). This assignment is, therefore, overruled.

## V

Defendants also assign error to the denial of a motion for summary judgment in favor of Harvey Keck. The motion, apparently addressing all claims by all parties, was supported only by Harvey Keck's affidavit stating that plaintiffs Weaver had actually bought their property from one Wade Coble. Woodrow Weaver's counteraffidavit stated that he had purchased the property from Keck. No affidavit or other testimony by Coble appears in the record. The credibility of the sharply conflicting testimony of opposing witnesses was at issue. Summary judgment against plaintiffs was thus inappropriate and correctly denied. *See Bone Int'l, Inc. v. Brooks*, 304 N.C. 371, 283 S.E. 2d 518 (1981); *North Carolina Nat'l Bank v. Burnette*, 297 N.C. 524, 256 S.E. 2d 388 (1979).

Defendants argue for the first time on appeal that this motion should have been granted because of the statute of limitations bar against the Placers. Assuming, *arguendo*, that this argument may now be heard, for the reasons discussed in the preceding section, it is equally without merit.

## VI

[6] At the close of plaintiffs' evidence and at the close of all the evidence, defendants moved unsuccessfully for directed verdict. The motion at the close of plaintiffs' evidence was as follows:

> Your Honor, at the close of the plaintiffs' evidence, defendants move for a directed verdict in their favor, and I move on the following grounds: There are three causes of action alleged in the complaint by the plaintiffs, the first one being under contract and for damages, the second being under contract and for specific performance, and the third for unfair trade practices, and they also ask for punitive damages in the—in their prayers for relief.

The second motion set forth the same grounds. Defendants contend the trial court erred in denying their motions. We disagree.

"A motion for a directed verdict shall state the specific grounds therefor." N.C. Gen. Stat. § 1A-1, Rule 50(a) (1983). "However, the courts need not inflexibly enforce the rule when the grounds for the motion are apparent to the court and the parties." *Anderson v. Butler*, 284 N.C. 723, 729, 202 S.E. 2d 585, 588 (1974). But the only thing "apparent" from the motions in this record is the defendants' awareness of the causes of action against them. This Court has cautioned litigants in the past to be sure to include their specific grounds for directed verdict in the record. *Davis v. Peacock*, 10 N.C. App. 256, 178 S.E. 2d 133 (1970), *cert. denied*, 277 N.C. 725, 178 S.E. 2d 832 (1971). When a specific ground is not stated in the original motion, it cannot be raised on appeal. *Jones v. Allred*, 52 N.C. App. 38, 278 S.E. 2d 521, *aff'd*, 304 N.C. 387, 283 S.E. 2d 517 (1981) (per curiam). Even the sufficiency of the evidence cannot be raised for the first time on appeal. *Wheeler v. Denton*, 9 N.C. App. 167, 175 S.E. 2d 769 (1970); *see also Oxendine v. Moss*, 64 N.C. App. 205, 306 S.E. 2d 831 (1983). On appeal, defendants argue several grounds, including the sufficiency of the evidence, which were not advanced at trial. They are, therefore, not properly before this Court.

However, even if we do consider the sufficiency of the evidence, we find ample evidence that Harvey Keck knowingly made false statements to each plaintiff concerning present facts—that is, his consultations with the State regarding pavement, that the representations were made in the course of negotiations, and that plaintiffs were thereby induced to purchase to their damage. These also supported the unfair trade practices claim. This evidence, taken in the light most favorable to plaintiffs, was sufficient that reasonable men might form divergent opinions as to its import, and the motions were therefore properly denied. *Smith v. McRary. Overstreet v. Brookland, Inc.*, on which defendants rely, clearly does not control. There, plaintiffs presented no evidence that *at the time of the sale* defendant had any other intent than to do what he had promised in the future. Here, on the other hand, plaintiffs' evidence showed that at the time of the sale defendants represented that they were *presently* taking actions which they were in fact *not* taking, and that they intended to do

that which they in fact had no intention to do (and later actively blocked).

## VII

[7]  Defendants moved for summary judgment with respect to claims against Harvey Keck as the executor of the estate of Kelly Keck, based on N.C. Gen. Stat. § 28A-19-3(a) (Supp. 1983), which operates as a permanent bar to claims "not presented to the personal representative . . . by the date specified in the general notice to creditors. . . ." As the moving party, defendants bore the burden of showing that they had a complete defense as a matter of law. *See Ballinger v. Dept. of Revenue,* 59 N.C. App. 508, 296 S.E. 2d 836 (1982), *cert. denied,* 307 N.C. 576, 299 S.E. 2d 645 (1983). No general notice to creditors appears in the record, and defendants do not mention anywhere when, if ever, one was published. Defendants thus failed to carry their burden and there is no reversible error in the denial of this motion for summary judgment.

## VIII

[8]  Defendants assign error to numerous portions of the charge. Objection to most of these errors was waived, however, by operation of Rule 10(b)(2) of the Rules of Appellate Procedure (Supp. 1983):

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.

Failure to make contemporaneous objection prevents the court from recalling the jury to correct allegedly prejudicial errors. *See* General Rules of Practice for the Superior and District Courts, Rule 21 (Supp. 1983). Such failure constitutes a waiver of the right to challenge the instructions on appeal. *City of Winston-Salem v. Hege,* 61 N.C. App. 339, 300 S.E. 2d 589 (1983); *State v. Ellers,* 56 N.C. App. 683, 289 S.E. 2d 924 (1982). Defendants had ample opportunity to object, and the court took pains to inform counsel when such objections would be heard.

The only objection registered by defense counsel was the following:

> Your honor, we object to the charge of the court—and this is for the record because we have already made the request—concerning the unfair trade practice issue and requested at that time and renew it that the court charge as the defendants raised it in their pretrial order.

The objection was overruled. No request for an unfair trade practice instruction was submitted by defendants. Defendants did apparently request that certain unfair trade practices issues be submitted to the jury, but they do not argue now that the issues submitted were in any way erroneous.

Assuming, *arguendo*, that the cited objection went to the instructions given on unfair trade practices, we discern no prejudicial error. In unfair trade practices cases, the jury need only find whether the defendant committed the acts alleged; it is then for the court to determine as a matter of law whether these acts constitute unfair or deceptive practices in or affecting commerce. *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975). The trial court substantially followed the pattern instructions in this respect. *See* N.C.P.I.—Civil 813.21 (1981). Before doing so, however, it instructed the jury as follows: "I instruct you that a representation to a prospective purchaser of land on an unpaved road that there are existing immediate plans to pave that road made falsely or in reckless disregard of the truth is an unfair or deceptive trade practice." This instruction was unnecessary. Defendants contend it was "peremptory," but we fail to see how the court could preempt itself on a question of law. Jurors often go into the jury room with knowledge of the consequences of their decisions, for example, in capital cases. The court carefully and repeatedly instructed that there could be no double recovery, and it nowhere mentioned the possibility of treble damages. While the language should have been omitted, we find no prejudicial error when construing the charge as a whole.

Defendants also urge the application of the "plain error" rule to the charge. Regardless of the rule's applicability to this case, there is clearly no fundamental error which would justify its invocation. *In re Will of Maynard*, 64 N.C. App. 211, 307 S.E. 2d 416 (1983).

## IX

Plaintiffs cross appeal and urge reversal of an order denying their motion to dismiss defendants' appeal for failure to timely post the proper appeal bond. The record indicates that an adequate undertaking has been posted. N.C. Gen. Stat. § 1-285 (1983). The docket of this Court reveals that all bonds and fees have been paid. Our decision in favor of plaintiffs on defendants' appeal renders this appeal moot in any event.

We conclude that no prejudicial error appears from the record before this Court.

No error.

Judges WELLS and WHICHARD concur.