THE ESTATE OF KENNETH B. FENNELL, BY AND THROUGH ITS ADMINISTRATOR, ANNIE B. FENNELL, AND ANNIE B. FENNELL v. RICHARD L. STEPHENSON, IN HIS PERSONAL AND OFFICIAL CAPACITY; THE NORTH CAROLINA STATE HIGHWAY PATROL; AND OTHER UNKNOWN NORTH CAROLINA STATE HIGHWAY PATROL EMPLOYEES IN THEIR PERSONAL AND OFFICIAL CAPACITIES

No. 267PA00

(Filed 9 November 2001)

**1. Statute of Limitations— unconstitutional detention—state trooper—suit in official capacity**

Although plaintiffs contend in their claim for unconstitutional detention that defendant state trooper while acting in his official capacity unconstitutionally detained or seized decedent who was shot and killed by the state trooper during a traffic stop, plaintiffs failed to name the state trooper as a party in his official capacity within the three-year time period of the statute of limitations under N.C.G.S. § 1-52(13) that began to run the day the trooper stopped and killed decedent.

**2. Statute of Limitations— sovereign immunity—constitutional claims**

The Court of Appeals erred by reversing the trial court's finding that sovereign immunity precluded plaintiffs' constitutional claim against the State Highway Patrol in an incident where a state trooper shot and killed an individual during a traffic stop, because: (1) the claim was filed after the expiration of the applicable statute of limitations when the complaint was filed more than five years after the decedent was stopped and killed, more than two years after the statute of limitations expired on any constitutional claims, and over three years after the statute of limitations had passed for wrongful death actions; (2) the addition of the State Highway Patrol in the amended state complaint does not relate back to the original state complaint; and (3) timely fil-

ESTATE OF FENNELL v. STEPHENSON

[354 N.C. 327 (2001)]

ing in federal court within the statute of limitations has no effect on the claim against the Highway Patrol in our state courts when the Highway Patrol was never named as a party in the original federal complaint.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 137 N.C. App. 430, 528 S.E.2d 911 (2000), affirming in part and reversing in part an order entered by Eagles, J., on 15 February 1999 in Superior Court, Guilford County. Heard in the Supreme Court 12 March 2001.

*McSurely & Osment, by Alan McSurely and Ashley Osment, for plaintiff-appellees.*

*Roy A. Cooper, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, and Patricia A. Duffy, Assistant Attorney General, for defendant-appellants Richard Stephenson and the North Carolina State Highway Patrol.*

*Patterson, Harkavy & Lawrence, L.L.P., by Martha A. Geer, on behalf of the North Carolina Academy of Trial Lawyers, amicus curiae.*

*American Civil Liberties Union of North Carolina Legal Foundation, by Seth H. Jaffe, amicus curiae.*

ORR, Justice.

On 30 August 1993, Kenneth Fennell was shot and killed by North Carolina State Trooper R.L. Stephenson during a traffic stop. In particular, the evidence tended to show that Mr. Fennell, an African-American male in his early twenties, was driving on Interstate 85 in Guilford County when he was pulled over by Defendant, who was working in "drug interdiction" efforts on the Interstate in Guilford County. Sometime after issuing Mr. Fennell a traffic citation for driving without a license, an altercation between the two ensued, quickly escalated and ultimately culminated in Mr. Fennell being shot numerous times. He died on the scene. In May of 1994, the Guilford County district attorney announced that his investigation had led him to conclude that "the homicide of . . . Fennell was justified."

Mr. Fennell's parents initially brought a lawsuit on 25 August 1995 on their own behalf and as coadministrators of the estate of Kenneth B. Fennell in United States District Court against "R. L. STEPHENSON, in his personal capacity; GORDON B. ARNOLD, in his

ESTATE OF FENNELL v. STEPHENSON

[354 N.C. 327 (2001)]

personal capacity; and OTHER UNKNOWN STATE OFFICIALS, in their personal capacities." Included in this complaint were causes of action alleging violations of the plaintiff Kenneth Fennell's constitutional rights under the United States and North Carolina Constitutions, a conspiracy to deprive and cover up deprivation of constitutional rights, and a wrongful death claim.

In an order signed 29 July 1997, United States District Judge William Osteen granted defendants' summary judgment motion on all of plaintiffs' federal claims. The grounds stated in the memorandum opinion by Judge Osteen entered contemporaneously with his order included:

As a result of Plaintiffs' failure to file a timely response to Stephenson's Motion for Summary Judgment, the court must accept the uncontested facts as stated in Stephenson's motion. The facts do not establish a genuine issue of material fact as to either of the two elements which Plaintiffs have the burden of establishing to defeat Stephenson's motion.

Having disposed of plaintiffs' federal claims, Judge Osteen declined to "exercise supplemental jurisdiction over plaintiffs' pending state claims for wrongful death pursuant to Chapter 28 of the North Carolina General Statutes, common law civil conspiracy, and claims for deprivation of equal protection brought under the North Carolina Constitution." Those claims were dismissed without prejudice pending their timely refiling in a proper state forum.

Plaintiffs then appealed the summary judgment ruling by Judge Osteen and on 21 July 1998, the United States Court of Appeals for the Fourth Circuit unanimously affirmed the order dismissing plaintiffs' federal claims. Estate of Fennell v. Stephenson, 155 F.3d 558 (4th Cir. 1998) (per curiam). Three days after the Fourth Circuit ruling, a new complaint (the "state complaint") was filed in Superior Court in Guilford County by Anne B. Fennell and the Estate of Kenneth B. Fennell, by and through its administrator, Anne B. Fennell. The named defendants in this complaint were: "RICHARD L. STEPHENSON, in his personal and official capacity, and OTHER UNKNOWN STATE EMPLOYEES in their personal and official capacities."

On 24 September 1998, plaintiffs filed an amended complaint (the "amended state complaint") in which the new caption reflected the

following defendants: "RICHARD L. STEPHENSON, in his personal and official capacity; THE NORTH CAROLINA STATE HIGHWAY PATROL; and OTHER UNKNOWN STATE HIGHWAY PATROL EMPLOYEES in their personal and official capacities." In both the original state complaint and the amended state complaint, plaintiffs alleged violations of Kenneth Fennell's rights under the North Carolina Constitution, a conspiracy to deprive and cover up deprivation of constitutional rights, conspiracy to deprive the victim of a crime and his family rights under the North Carolina Constitution, and a wrongful death claim.

On 12 February 1999, the trial court granted defendant Stephenson's motion to dismiss, stating:

> **THIS CAUSE** was heard by the undersigned judge at the February 1, 1999 Session of Superior Court on motion of defendant Stephenson to dismiss the plaintiff's complaint on the basis of the statute of limitations, failure to state a claim, and collateral estoppel, the court finds and concludes that Claims I, II and III of the plaintiff's complaint are barred by the statutes of limitation. In the alternative, that Claims I and II fail to state a claim for which relief can be granted against defendant Stephenson. Claim III for wrongful death is barred by the doctrine of collateral estoppel based upon the judgment of the United States District Court for the Middle District of North Carolina, The Estate of Fennell v. Stephenson, 2:95 CV 00795.

> It is therefore **ORDERED** that the plaintiff's complaint against defendant Stephenson be dismissed.

On the same day, the trial court also entered an order granting the North Carolina State Highway Patrol's motion to dismiss, stating:

> **THIS CAUSE** coming on to be heard and being heard by the undersigned judge presiding at the February 1, 1999 Session of Superior Court on the motion of the North Carolina State Highway Patrol to dismiss on the basis of sovereign immunity. This court finds and concludes that the claims against the North Carolina State Highway Patrol are barred by the doctrine of sovereign immunity.

> It is therefore ORDERED that plaintiff's complaint against the North Carolina State Highway Patrol be dismissed.

**ESTATE OF FENNELL v. STEPHENSON**

[354 N.C. 327 (2001)]

Plaintiffs appealed the trial court's orders to the North Carolina Court of Appeals, arguing four issues. In an opinion filed 18 April 2000, the Court of Appeals affirmed the orders of the trial court in part and reversed in part. In all, there were only two issues upon which plaintiffs prevailed in the Court of Appeals opinion: (1) the statutes of limitation for their state claims against defendant Stephenson were tolled pending appeal to the Fourth Circuit, and thus plaintiffs had thirty days (from the date of the Fourth Circuit opinion) to timely file their complaint in state court; and (2) their constitutional claim against the North Carolina State Highway Patrol was not barred by the doctrine of sovereign immunity.

In part I of the Court of Appeals' opinion, the court determined that "[b]ecause the period of limitations for Plaintiffs' claims was tolled for thirty days subsequent to the 21 July 1998 decision, Plaintiffs' claims, which were filed three days after the federal court of appeals decision, were timely filed." *Estate of Fennell*, 137 N.C. App. at 435, 528 S.E.2d at 914. However, in part III, the Court of Appeals also concluded that: (1) all the constitutional claims against defendant Stephenson *in his personal capacity* were properly dismissed; and (2) all the constitutional claims against defendant Stephenson *in his official capacity* were properly dismissed except one—the claim for unconstitutional detention. *Id.* at 437, 528 S.E.2d at 915. Moreover, in part IV, the Court of Appeals affirmed the trial court's dismissal of plaintiffs' wrongful death claim against defendant Stephenson. *Id.* at 440, 528 S.E.2d at 917.

A summary of the Court of Appeals decision reveals that plaintiffs were afforded the chance to pursue but one claim, unconstitutional detention, against defendant Stephenson, while acting in his official capacity. The decision also permitted plaintiffs to pursue an equal protection claim against a second defendant, the State Highway Patrol.

Thus, having lost on all issues but the aforementioned two, plaintiffs could have pursued any of the following options: (1) give notice of appeal to this Court where appropriate; (2) file a petition for discretionary review; or (3) in response to defendants' petition for discretionary review, bring forward additional issues for this Court's consideration pursuant to Rule 15(d) of the North Carolina Rules of Appellate Procedure. Plaintiffs have done none of the above. Therefore, this Court's review of the Court of Appeals decision is limited to the issues raised by defendants' petition for discretionary

review, made pursuant to N.C.G.S. § 7A-31. Although defendants raise a variety of far-reaching issues in their petition, we confine our analysis to those holdings adverse to defendants' interests—in sum, the two issues upon which plaintiffs prevailed. For the reasons outlined below, we hold that the statute of limitations serves as a bar to both the claim against defendant Stephenson and the claim against defendant State Highway Patrol. As a consequence of so holding, none of plaintiffs' state claims survive.

[1] We turn first to the claim that Trooper Stephenson, while acting in his official capacity, unconstitutionally "detained or seized . . . Kenneth Fennell." Assuming, without deciding, that this claim was properly defined by the Court of Appeals, we note that the lower court did not address whether plaintiffs named Trooper Stephenson as a party in his official capacity within the period of the applicable statute of limitations. As a matter of law, we hold that plaintiffs did not.

In North Carolina, it is well-established law that if a plaintiff does not name the party responsible for his alleged injury before the statute of limitations runs, his claim will be dismissed. *See, e.g., Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 (1995). The statute of limitations for plaintiff's alleged claim of unconstitutional detention is three years, as defined in N.C.G.S. § 1-52(13). *See Fowler v. Valencourt*, 334 N.C. 345, 350, 435 S.E.2d 530, 533 (1993) ("N.C.G.S. § 1-52(13) deals expressly with claims arising out of assault, battery, and false imprisonment by a public officer acting under color of his office . . . ."). The alleged claim at issue is premised on events that occurred on 30 August 1993, the day Trooper Stephenson stopped and killed Mr. Fennell, and that is when any applicable statutes of limitation began to run. *See Wilson v. Crab Orchard Dev. Co.*, 276 N.C. 198, 214, 171 S.E.2d 873, 884 (1970) (holding that a statute of limitation begins to run when the plaintiff's right to maintain an action for the wrong accrues). Plaintiffs, therefore, were required to file their state constitutional claims against the proper parties within three years of that date, a deadline they failed to meet.

Plaintiffs did file the federal complaint on 25 August 1995, which stated clearly that the plaintiffs sued Officer Stephenson and other state officials in their personal capacities *and only in* their personal capacities. It read:

**ESTATE OF FENNELL v. STEPHENSON**

[354 N.C. 327 (2001)]

THE ESTATE OF KENNETH B. FENNELL, by and through its co-administrators, Norwood F. Fennell, and Annie B. Fennell,

Plaintiffs,

v.

R.L. STEPHENSON, in his *personal capacity*; GORDON B. ARNOLD, in his *personal capacity*; and OTHER UNKNOWN STATE OFFICIALS, in their *personal capacities*;

Defendants.

(Emphasis added.)

Long-standing North Carolina law has established that law enforcement officers such as Trooper Stephenson are state officers. *See Isenhour v. Hutto*, 350 N.C. 601, 517 S.E.2d 121 (1999) ("[t]his Court has previously recognized that police officers are public officials" [and not] "public employees"); *see also State v. Hord*, 264 N.C. 149, 155, 141 S.E.2d 241, 245 (1965) (holding that police officers are considered state officers). This Court has also clearly stated that when a plaintiff sues a state officer for violating the North Carolina Constitution, he must sue the officer in his official capacity. "In light of the purpose and language of the [North Carolina] Constitution, plaintiff cannot rely on the Constitution to support a claim for money damages against individuals, acting in their personal capacities . . . . [I]t is the state officials, acting in their official capacities, that are obligated to conduct themselves in accordance with the Constitution. Therefore, plaintiff may assert his [constitutional rights] only against state officials, sued in their official capacity." *Corum v. University of N.C.*, 330 N.C. 761, 788, 413 S.E.2d 276, 293, *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992).

The *Corum* rule is not merely a pleading convention; there is a real difference in choosing between capacities. *See Meyer v. Walls*, 347 N.C. 97, 110, 489 S.E.2d 880, 887 (1997) (holding that "[a] suit against a defendant in his individual capacity means that the plaintiff seeks recovery from the defendant directly; a suit against a defendant in his official capacity means that the plaintiff seeks recovery from the entity of which the public servant defendant is an agent"). Thus, when a plaintiff seeks recovery from the state for state constitutional violations, and when he does so by suing a state officer, he must name the state officer in his official capacity. Naming the officer in his personal capacity is simply not enough.

Plaintiffs in this action for the first time sought recovery from the state by suing Trooper Stephenson, in his official capacity, and the State Highway Patrol, for violations of their son's rights under the North Carolina Constitution. Their counsel filed a lawsuit alleging the violation of Kenneth Fennell's constitutional right to be free of unreasonable detention. As discussed above, any claim asserting the deprivation of such a right can be enforced only against state officials who are acting in their official capacity. *Corum*, 330 N.C. at 788, 413 S.E.2d at 293. Thus, if plaintiffs and their counsel intended to sue Trooper Stephenson for violating Kenneth Fennell's constitutional rights, they needed to sue him in his official capacity. *Id.* Plaintiffs failed, however, to name Trooper Stephenson in his official capacity until the state complaint on 24 July 1998, almost five years after the cause of action accrued, and almost two years *after* the statute of limitations had expired. Thus, their constitutional claim for unreasonable detention against Trooper Stephenson in his official capacity is barred by the statute of limitations.

[2] Defendants next argue that the Court of Appeals erred when it reversed the trial court's finding that sovereign immunity precluded plaintiffs' constitutional claim against the State Highway Patrol. While we agree with defendants' contention that the trial court's dismissal was correct, we do so on different grounds. In our view, dismissal was proper because, as defendants pointed out in paragraph number 3 of their 16 November 1998 motion to dismiss, the claim was filed well beyond the expiration of the applicable statute of limitations.

Assuming without deciding that the Court of Appeals correctly concluded that sovereign immunity cannot serve as a shield against alleged deprivations of constitutional rights, *see id.* at 786, 413 S.E.2d at 292 ("when there is a clash between . . . constitutional rights and sovereign immunity, the constitutional rights must prevail"), plaintiffs nevertheless failed to name the State Highway Patrol as a party to their lawsuit until the amended state complaint on 24 September 1998. Thus, the complaint was filed more than five years after Mr. Fennell was stopped and killed, more than two years after the statute of limitations expired on any constitutional claims, and over three years after the statute of limitations had passed for wrongful-death actions. Moreover, despite the contentions of plaintiffs' counsel, the addition of the State Highway Patrol in the amended state complaint does not relate back to the original state complaint. This Court has directly and explicitly stated that while Rule 15 of the

**ESTATE OF FENNELL v. STEPHENSON**

[354 N.C. 327 (2001)]

North Carolina Rules of Civil Procedure permits the relation-back doctrine to extend periods for pursuing claims, it does not apply to parties. *Crossman*, 341 N.C. at 187-88, 459 S.E.2d at 717. Furthermore, even if the naming of the North Carolina State Highway Patrol as a party did somehow relate back to the original state complaint, the addition would not rectify the fact that the original state complaint was not filed until 24 July 1998, nearly five years after Mr. Fennell was killed and *almost two years after* the statute of limitations for the claim had expired.

We additionally note that while plaintiffs had originally filed their claims in federal court within the statute of limitations period, such timely filing has no effect on their claim against the Highway Patrol in our state courts. Although 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any claim [over which a federal court has supplemental jurisdiction] that is voluntarily dismissed . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed," the statute *does not toll claims against parties not named in the federal lawsuit*. Thus, 28 U.S.C. § 1367(d) did not toll claims against the Highway Patrol, which was never named as a party in the original federal complaint.

In sum, for the aforementioned reasons, we reverse the Court of Appeals on the two issues presented, thereby reinstating the trial court's order dismissing all claims against Trooper Stephenson and the Highway Patrol. We also hold that we improvidently allowed discretionary review on any additional issues not specifically addressed in this opinion.

REVERSED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.

Justice EDMUNDS did not participate in the consideration or decision of this case.