JOANN D. WILLIAMS, Plaintiff v. JAMES R. OWENS d/b/a OWENS BACKHOE AND LANDSCAPING, Defendant

No. COA10-390

(Filed 19 April 2011)

**1. Pretrial Proceedings— motion for leave to amend complaint—negligence action—no abuse of discretion**

The trial court did not abuse its discretion in denying plaintiff's motion for leave to amend her complaint in a negligence action where plaintiff's amended complaint sought to add two new parties to her action after the statute of limitations had expired.

**2. Pretrial Proceedings— motion to dismiss—negligence action—properly allowed**

The trial court did not err in granting defendant's motion to dismiss in a negligence action where the trial court properly denied plaintiff's motion for leave to amend her complaint to add two new parties to the action after the statute of limitations had expired.

Appeal by plaintiff from order entered on or about 26 October 2009 by Judge Cy A. Grant, Sr. in Superior Court, Wilson County. Heard in the Court of Appeals 26 October 2010.

*Nile K. Falk, for plaintiff-appellant.*

*Poyner Spruill LLP, by Timothy W. Wilson, for appellee-intervenor.*

STROUD, Judge.

The trial court denied plaintiff's motion to amend her complaint. As plaintiff's amended complaint sought to add two new parties to her action after the statute of limitations had run, we affirm.

I. Background

On 13 May 2009, plaintiff filed a verified complaint against defendant James R. Owens d/b/a Owens Backhoe and Landscaping for negligence. On or about 15 July 2009, Charlene T. Owens filed motions to dismiss and an answer with affirmative defenses. Ms. Owens's SECOND DEFENSE AND MOTION TO DISMISS was for failure to join a necessary party pursuant to Rule 12(b)(7) of the North Carolina Rules of Civil Procedure because as Ms. Owens alleged, defendant James R. Owens

had died on 17 January 2007, and she had formerly been the executrix of his estate, which had been closed on 9 October 2007. On 3 September 2009, plaintiff filed a MOTION FOR LEAVE TO AMEND COMPLAINT to add Alan T. Owens and Charlene T. Owens as necessary parties. Plaintiff sought to add Ms. Owens as a party in her personal capacity and not as personal representative of the estate of Mr. Owens. On 26 October 2009, the trial court denied plaintiff's motion to amend and granted Ms. Owens's motions to dismiss. Plaintiff appeals.

## II. Motion to Amend

**[1]** Plaintiff contends that "the trial court erred by denying [her] motion for leave to amend [her] complaint by failing to properly follow N.C. Gen. Stat 1A-1, Rules 15(a) and (c) and 25(a) and N.C. Gen. Stat. § 28A-19-3(i). (Original in all caps.)

> [O]ur standard of review for motions to amend pleadings requires a showing that the trial court abused its discretion. Denying a motion to amend without any justifying reason appearing for the denial is an abuse of discretion. However, proper reasons for denying a motion to amend include undue delay by the moving party and unfair prejudice to the nonmoving party. Other reasons that would justify a denial are bad faith, futility of amendment, and repeated failure to cure defects by previous amendments. When the trial court states no reason for its ruling on a motion to amend, this Court may examine any apparent reasons for the ruling.

*Delta Environmental Consultants of N.C. v. Wysong & Miles Co.,* 132 N.C. App. 160, 165-66, 510 S.E.2d 690, 694, *disc. review denied,* 350 N.C. 379, 536 S.E.2d 70 (1999).

Plaintiff alleges she was injured on 14 May 2006 by the negligence of James Owens, and she filed her original complaint on or about 13 May 2009. Plaintiff's original complaint brought a cause of action for negligence, which has a three-year statute of limitations. *See Latham v. Cherry,* 111 N.C. App. 871, 873, 433 S.E.2d 478, 480 (1993) ("The statute of limitations for personal injury due to negligence is three years." (citing N.C. Gen. Stat. § 1-52(16)), *cert. denied,* 335 N.C. 556, 441 S.E.2d 116 (1994). Plaintiff filed for leave to amend her complaint on 3 September 2009, and thus plaintiff's amended complaint was not filed within the statute of limitations. Furthermore, plaintiff's amended complaint does not relate back to the date of the original complaint as it seeks to add entirely new parties. *See Estate of*

*Fennell v. Stephenson,* 354 N.C. 327, 334-35, 554 S.E.2d 629, 633-34 (2001) ("This Court has directly and explicitly stated that while Rule 15 of the North Carolina Rules of Civil Procedure permits the relation-back doctrine to extend periods for pursuing claims, it does not apply to parties."). As the statute of limitations had run, it would have been futile for the trial court to allow plaintiff to amend her complaint to add new parties; therefore, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion for leave to amend her complaint. *See Lee v. Keck,* 68 N.C. App. 320, 326, 315 S.E.2d 323, 328 ("Rulings on motions to amend after the expiration of the statutory period are within the discretion of the trial court; that discretion is clearly not abused when granting the motion would be a futile gesture."), *disc. review denied,* 311 N.C. 401, 319 S.E.2d 271 (1984).

Plaintiff's brief cites to N.C. Gen. Stat. § 1A-1, Rules 15(a) and (c) and 25(a) and N.C. Gen. Stat. § 28A-19-3(i) as her legal support for why the trial court abused its discretion in denying her motion to amend. However, none of the law cited by plaintiff is applicable. *See generally* N.C. Gen. Stat. § 1A-1, Rule 15(a) and (c) (concerning amendments and relations back which is not applicable as plaintiff is attempting to amend her complaint to add new parties); N.C. Gen. Stat. § 1A-1, Rule 25(a) (allowing personal representative to be substituted for a party upon death which is not applicable as statute of limitations ran before plaintiff attempted to add personal representative); N.C. Gen. Stat. § 28A-19-3(i) (2005) (addressing claims actually filed against a decedent's estate).

Here, plaintiff sued an individual who was deceased; the statute of limitations ran; and then plaintiff sought to add two other individuals to her suit but she has never sought to add the estate or Ms. Owens in her capacity as former executrix of the estate. As the statute of limitations had run, the trial court did not abuse its discretion in denying plaintiff's motion to amend her complaint to add two entirely new parties as the amendment would have been futile. *See Lee* at 326, 315 S.E.2d at 328. This argument is overruled.

### III. Motions to Dismiss

[2] Plaintiff also contends that the trial court erred in granting Ms. Owens's motions to dismiss. Plaintiff relies upon her previous arguments for this contention. As we have already concluded that plaintiff's arguments regarding her motion to amend fails, this argument must also fail. This argument is overruled.

**WILLIAMS v. OWENS**

[211 N.C. App. 393 (2011)]

## IV. Conclusion

For the foregoing reasons, we affirm the trial court's order denying plaintiff's motion to amend and granting Ms. Owens's motions to dismiss.

AFFIRMED.

Chief Judge MARTIN and Judge STEPHENS concur.